# No. 25-40624

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

Association of American Physicians and Surgeons Educational Foundation, AAPS; Pierre Kory, M.D., M.P.A.; Paul E. Marik, M.D., FCCM, FCCP,

Plaintiffs - Appellants

v.

American Board of Internal Medicine, ABIM; American Board of Obstetrics & Gynecology, ABOG; American Board of Family Medicine, ABFM; Kristi Noem, Secretary, U.S. Department of Homeland Security,

Defendants - Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

**RECORD EXCERPTS**

SUBMITTED BY:
Andrew Layton Schlafly
939 Old Chester Road
Far Hills, NJ 07931-0000
908-719-8608

# Table of Contents

| Document | Record Citation | Tab |
|---|---|---|
| Docket Sheet - 3:22-CV-240 | ROA.1-14 | Tab 1 |
| Notice of Appeal | ROA.1241-1242 | Tab 2 |
| Memorandum and Opinion | ROA.1223-1238 | Tab 3 |
| Order of Dismissal | ROA.1239-1240 | Tab 4 |
| Order on Motion to Stay | ROA.1184 | Tab 5 |

**TAB 1**

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Galveston)
## CIVIL DOCKET FOR CASE #: 3:22-cv-00240
## Internal Use Only

| | |
|---|---|
| Association of American Physicians and Surgeons Educational Foundation v. American Board of Internal Medicine et al<br>Assigned to: Judge Jeffrey V Brown<br>Referred to: Magistrate Judge Andrew M Edison<br>Cause: 05:702 Administrative Procedure Act | Date Filed: 07/12/2022<br>Date Terminated: 07/31/2025<br>Jury Demand: None<br>Nature of Suit: 899 Other Statutes:<br>Administrative Procedures Act/Review or<br>Appeal of Agency Decision<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Association of American Physicians and Surgeons Educational Foundation**
*AAPS*

represented by **Andrew L Schlafly**
Attorney at Law
939 Old Chester Road
Far Hills, NJ 07931
908-719-8608
Email: aschlafly@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Pierre Kory, M.D., M.P.A.**

represented by **Andrew L Schlafly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Paul E Marik, M.D., FCCM, FCCP**

represented by **Andrew L Schlafly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Karl N. Hanson, M.D.**

represented by **Andrew L Schlafly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**American Board of Internal Medicine**
*ABIM*

represented by **Andrew Philip Valencia**
Ballard Spahr LLP

1800 Larimer St.
Suite 1600
Denver, CO 80202
303-299-7351
Email: valenciaa@ballardspahr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Gerger**
Gerger Hennessy Martin
700 Louisiana St., Suite 2300
77002
Houston, TX 77002
713-224-4400
Email: dgerger@ghmfirm.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Weissert**
Ballard Spahr LLP
1735 Market St.
51st Floor
Philadelphia, PA 19103
215-864-8672
Email: weisserte@ballardspahr.com
*ATTORNEY TO BE NOTICED*

**Eric K Gerard**
Sorrels Law
230 Westcott Street
Suite 100
Houston, TX 77007
713-496-1100
Email: eric@sorrelslaw.com
*ATTORNEY TO BE NOTICED*

**Jason Allen Leckerman**
Ballard Spahr LLP
1735 Market Street
Ste 51st Floor
Philadelphia, PA 19103
215-864-8266
Fax: 215-864-8999
Email: leckermanj@ballardspahr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leslie E. John**
Ballard Spahr LLP
1735 Market Street
Philadelphia, PA 19103
2015-862-8212
Email: john@ballardspahr.com
*TERMINATED: 08/13/2024*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul III Lantieri , III**
Ballard Spahr LLP
1735 Market St.
51st Floor
Philadelphia, PA 19103
215-864-8279
Email: lantierip@ballardspahr.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Board of Obstetrics &
Gynecology**
*ABOG*
*TERMINATED: 07/30/2025*

represented by   **Ashley T. Parrish**
McGinnis Lochridge LLP
500 N. Akard St.
Suite 3000
Dallas, TX 75201
214-307-6988
Fax: 214-307-6990
Email: aparrish@mcginnislaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcus V. Eason**
McGinnis Lochridge
609
Suite 2800
Houston, TX 77002
713-615-8529
Fax: 713-328-1807
Email: meason@mcginnislaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Board of Family Medicine**
*ABFM*

represented by   **Barry A Moscowitz**
Thompson Coe et al
700 North Pearl
25th Floor
Dallas, TX 75201
214-871-8200
Fax: 214-871-8209
Email: bmoscowitz@thompsoncoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cassie J. Dallas**
Thompson Coe Cousins & Irons, LLP
700 N. Pearl Street
25th Floor
Dallas, TX 75201
214-871-8200

Fax: 214-871-8209
Email: cdallas@thompsoncoe.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alejandro Mayorkas**
*in his official capacity as the Secretary of*
*the U.S. Department of Homeland Security*

represented by   **Laurel H. Lum**
Department of Justice , Civil Division,
Federal Programs
1100 L Street NW
Ste 11008
Washington, DC 20005
202-305-8177
Email: laurel.h.lum@usdoj.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael P Clendenen**
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L Street NW
Ste 12028
Washington, DC 20005
202-532-5747
Email: michael.p.clendenen@usdoj.gov
*TERMINATED: 05/19/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kristi Noem**

represented by   **Indraneel Sur**
U.S. Department of Justice
Civil - Federal Programs Branch
PO Box 883
Washington, DC 20530
202-616-8488
Email: indraneel.sur@usdoj.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael P Clendenen**
DOJ-Civ
1100 L Street NW
Ste 12028
Washington, DC 20005
202-532-5747
Email: michael.p.clendenen@usdoj.gov
*TERMINATED: 05/19/2025*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/12/2022 | 1 (p.15) | COMPLAINT against All Defendants (Filing fee $ 402 receipt number ATXSDC-28446757) filed by Association of American Physicians and Surgeons Educational Foundation. (Attachments: # 1 (p.15) Civil Cover Sheet)(Schlafly, Andrew) (Entered: 07/12/2022) |
| 07/13/2022 | 2 (p.45) | Request for Issuance of Summons as to All Defendants, filed. (Attachments: # 1 (p.15) ABOG, # 2 (p.45) ABFM, # 3 (p.57) Mayorkas1, # 4 (p.63) Mayorkas2, # 5 (p.75) Mayorkas3)(Schlafly, Andrew) (Entered: 07/13/2022) |
| 07/14/2022 | 3 (p.57) | Summons Issued as to Alejandro Mayorkas, U.S. Attorney and U.S. Attorney General. Issued summons returned to plaintiff by NEF, filed.(VanesaAranda, 3) (Entered: 07/14/2022) |
| 07/14/2022 | 4 (p.63) | Summons Issued as to American Board of Family Medicine, American Board of Internal Medicine, American Board of Obstetrics & Gynecology. Issued summons delivered to plaintiff by NEF, filed.(VanesaAranda, 3) (Entered: 07/14/2022) |
| 07/20/2022 | 5 (p.75) | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 11/9/2022 at 09:00 AM by video before Magistrate Judge Andrew M Edison(Signed by Judge Jeffrey V Brown) Parties notified.(VanesaAranda, 3) (Entered: 07/20/2022) |
| 08/01/2022 | 6 (p.80) | CERTIFICATE OF INTERESTED PARTIES by Association of American Physicians and Surgeons Educational Foundation, filed.(Schlafly, Andrew) (Entered: 08/01/2022) |
| 08/17/2022 | 7 (p.82) | MOTION for Laurel H. Lum to Appear Pro Hac Vice by Alejandro Mayorkas, filed. Motion Docket Date 9/7/2022. (thanniable, 4) (Entered: 08/17/2022) |
| 08/18/2022 | 8 (p.83) | ORDER granting 7 (p.82) Motion for Laurel H. Lum to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 4) (Entered: 08/18/2022) |
| 08/24/2022 | 9 (p.84) | NOTICE of Appearance by Andrew P. Valencia on behalf of American Board of Internal Medicine, filed. (Valencia, Andrew) (Entered: 08/24/2022) |
| 08/25/2022 | 10 (p.87) | Agreed MOTION Extend Deadline to File Responsive Pleading and Set Briefing Schedule by American Board of Obstetrics & Gynecology, filed. Motion Docket Date 9/15/2022. (Attachments: # 1 (p.15) Proposed Order)(Parrish, Ashley) (Entered: 08/25/2022) |
| 08/26/2022 | 11 (p.99) | ORDER granting 10 (p.87) Motion.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 4) (Entered: 08/26/2022) |
| 09/07/2022 | 12 (p.101) | CERTIFICATE OF INTERESTED PARTIES by American Board of Internal Medicine, filed.(Valencia, Andrew) (Entered: 09/07/2022) |
| 09/07/2022 | 13 (p.104) | MOTION for Leslie E. John to Appear Pro Hac Vice by American Board of Internal Medicine, filed. Motion Docket Date 9/28/2022. (Valencia, Andrew) (Entered: 09/07/2022) |
| 09/07/2022 | 14 (p.105) | Corrected MOTION for Leslie E. John to Appear Pro Hac Vice by American Board of Internal Medicine, filed. Motion Docket Date 9/28/2022. (Valencia, Andrew) (Entered: 09/07/2022) |

| 09/07/2022 | 15 (p.106) | MOTION for Paul Lantieri III to Appear Pro Hac Vice by American Board of Internal Medicine, filed. Motion Docket Date 9/28/2022. (Valencia, Andrew) (Entered: 09/07/2022) |
|---|---|---|
| 09/08/2022 | | (Court only) ***Motion(s) terminated: 13 (p.104) MOTION for Leslie E. John to Appear Pro Hac Vice. MOOT. (GeorgeCardenas, 3) (Entered: 09/08/2022) |
| 09/08/2022 | 16 (p.107) | ORDER granting 14 (p.105) Motion for Leslie E. John to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 09/08/2022) |
| 09/08/2022 | 17 (p.108) | ORDER granting 15 (p.106) Motion for Paul Lantieri III to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 09/08/2022) |
| 09/22/2022 | 18 (p.109) | Unopposed MOTION for Leave to File A Motion in Excess of 30 Pages by Alejandro Mayorkas, filed. Motion Docket Date 10/13/2022. (Attachments: # 1 (p.15) Proposed Order)(Lum, Laurel) (Entered: 09/22/2022) |
| 09/23/2022 | 19 (p.113) | ORDER granting 18 (p.109) Motion for Leave to File.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 09/23/2022) |
| 09/26/2022 | 20 (p.114) | MOTION to Dismiss 1 (p.15) Complaint by Alejandro Mayorkas, filed. Motion Docket Date 10/17/2022. (Attachments: # 1 (p.15) Exhibit A, # 2 (p.45) Exhibit B)(Lum, Laurel) (Entered: 09/26/2022) |
| 09/26/2022 | 21 (p.171) | MOTION to Dismiss *for Lack of Personal Jurisdiction* by American Board of Family Medicine, American Board of Internal Medicine, filed. Motion Docket Date 10/17/2022. (Gerger, David) (Entered: 09/26/2022) |
| 09/26/2022 | 22 (p.186) | MOTION to Dismiss 1 (p.15) Complaint *for Lack of Subject Matter Jurisdiction and Failure to State a Claim* by American Board of Family Medicine, American Board of Internal Medicine, American Board of Obstetrics & Gynecology, filed. Motion Docket Date 10/17/2022. (Lantieri, Paul) (Entered: 09/26/2022) |
| 09/27/2022 | 23 (p.231) | Corrected MOTION to Dismiss 1 (p.15) Complaint *for Lack of Subject Matter Jurisdiction and Failure to State a Claim* by American Board of Family Medicine, American Board of Internal Medicine, American Board of Obstetrics & Gynecology, filed. Motion Docket Date 10/18/2022. (Lantieri, Paul) (Entered: 09/27/2022) |
| 10/19/2022 | 24 (p.275) | Agreed MOTION to Vacate by Alejandro Mayorkas, filed. Motion Docket Date 11/9/2022. (Lum, Laurel) (Entered: 10/19/2022) |
| 10/21/2022 | 25 (p.282) | ORDER denying 24 (p.275) Motion to Vacate.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 10/21/2022) |
| 10/24/2022 | 26 (p.283) | CERTIFICATE OF INTERESTED PARTIES by American Board of Family Medicine, filed.(Moscowitz, Barry) (Entered: 10/24/2022) |
| 10/28/2022 | 27 (p.287) | CERTIFICATE OF INTERESTED PARTIES by Alejandro Mayorkas, filed.(Lum, Laurel) (Entered: 10/28/2022) |
| 10/28/2022 | 28 (p.290) | CERTIFICATE OF INTERESTED PARTIES by American Board of Obstetrics & Gynecology, filed.(Parrish, Ashley) (Entered: 10/28/2022) |

| 10/31/2022 | 29 (p.293) | Agreed JOINT DISCOVERY/CASE MANAGEMENT PLAN by Association of American Physicians and Surgeons Educational Foundation, filed.(Schlafly, Andrew) (Entered: 10/31/2022) |
|---|---|---|
| 11/09/2022 | 30 (p.304) | DOCKET CONTROL ORDER. Pltf Expert Witness List due by 10/13/2023. Pltf Expert Report due by 10/13/2023. Deft Expert Witness List due by 11/17/2023. Deft Expert Report due by 11/17/2023. Discovery due by 2/16/2024. Dispositive Motion Filing due by 2/23/2024. Non-Dispositive Motion Filing due by 4/14/2024. Exchange Pretrial Materials due by 6/7/2024. Docket Call set for 6/14/2024 at 09:30 AM in Sixth Floor Courtroom Galveston before Judge Jeffrey V Brown(Signed by Magistrate Judge Andrew M Edison) Parties notified.(VanesaAranda, 3) (Entered: 11/09/2022) |
| 11/09/2022 |  | Minute Entry for proceedings held before Magistrate Judge Andrew M Edison on November 9, 2022. Initial Conference held. Docket Control Order to be entered. Appearances: Andrew Schlafly for Plaintiff, Leslie John, Paul Lantieri, III for Defendant, Barry Moscowitz and Cassie Dallas for Deft ABFM, Laural Lum for Deft Alejandro Mayorkas, Ashley Parrish for Deft ABOG. (ERO: yes) (rcastro, 3) (Entered: 11/10/2022) |
| 11/10/2022 | 31 (p.306) | NOTICE of Appearance by Eric Gerard on behalf of American Board of Internal Medicine, filed. (Gerard, Eric) (Entered: 11/10/2022) |
| 11/14/2022 | 32 (p.308) | RESPONSE in Opposition to 21 (p.171) MOTION to Dismiss *for Lack of Personal Jurisdiction*, 20 (p.114) MOTION to Dismiss 1 (p.15) Complaint , 23 (p.231) Corrected MOTION to Dismiss 1 (p.15) Complaint *for Lack of Subject Matter Jurisdiction and Failure to State a Claim*, filed by Association of American Physicians and Surgeons Educational Foundation. (Schlafly, Andrew) (Entered: 11/14/2022) |
| 12/15/2022 | 33 (p.346) | REPLY in Support of 20 (p.114) MOTION to Dismiss 1 (p.15) Complaint , filed by Alejandro Mayorkas. (Lum, Laurel) (Entered: 12/15/2022) |
| 12/16/2022 | 34 (p.364) | REPLY in Support of 23 (p.231) Corrected MOTION to Dismiss 1 (p.15) Complaint *for Lack of Subject Matter Jurisdiction and Failure to State a Claim*, filed by American Board of Family Medicine, American Board of Internal Medicine, American Board of Obstetrics & Gynecology. (Lantieri, Paul) (Entered: 12/16/2022) |
| 12/16/2022 | 35 (p.388) | REPLY in Support of 21 (p.171) MOTION to Dismiss *for Lack of Personal Jurisdiction*, filed by American Board of Family Medicine. (Dallas, Cassie) (Entered: 12/16/2022) |
| 02/22/2023 | 36 (p.397) | MOTION for Michael P. Clendenen to Appear Pro Hac Vice by Alejandro Mayorkas, filed. Motion Docket Date 3/15/2023. (HeatherCarr, 4) (Entered: 02/24/2023) |
| 02/27/2023 | 37 (p.398) | ORDER granting 36 (p.397) Motion for Michael P. Clendenen to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 02/27/2023) |
| 03/24/2023 | 38 (p.399) | NOTICE *of Supplemental Authority* re: 20 (p.114) MOTION to Dismiss 1 (p.15) Complaint , 23 (p.231) Corrected MOTION to Dismiss 1 (p.15) Complaint *for Lack of Subject Matter Jurisdiction and Failure to State a Claim* by Association of American Physicians and Surgeons Educational Foundation, filed. (Schlafly, Andrew) (Entered: 03/24/2023) |

| | | |
|---|---|---|
| 03/29/2023 | 39 (p.402) | RESPONSE to 38 (p.399) Notice (Other), , filed by Alejandro Mayorkas. (Clendenen, Michael) (Entered: 03/29/2023) |
| 03/31/2023 | 40 (p.405) | RESPONSE to 38 (p.399) Notice (Other), *of Supplemental Authority*, filed by American Board of Family Medicine, American Board of Internal Medicine, American Board of Obstetrics & Gynecology. (Lantieri, Paul) (Entered: 03/31/2023) |
| 04/07/2023 | 41 (p.411) | REPLY to 39 (p.402) Response, 40 (p.405) Response , filed by Association of American Physicians and Surgeons Educational Foundation. (Schlafly, Andrew) (Entered: 04/07/2023) |
| 05/16/2023 | 42 (p.415) | MEMORANDUM OPINION AND ORDER granted 23 (p.231) Corrected MOTION to Dismiss 1 (p.15) Complaint *for Lack of Subject Matter Jurisdiction and Failure to State a Claim*, denies as moot 21 (p.171) MOTION to Dismiss *for Lack of Personal Jurisdiction* (Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 05/16/2023) |
| 05/23/2023 | 43 (p.431) | MEMORANDUM OPINION AND ORDER Moot 22 (p.186) MOTION to Dismiss 1 (p.15) Complaint *for Lack of Subject Matter Jurisdiction and Failure to State a Claim*, Granting 20 (p.114) MOTION to Dismiss 1 (p.15) Complaint (Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 05/23/2023) |
| 05/23/2023 | 44 (p.443) | FINAL JUDGMENT. Case terminated on 5/23/2023 (Signed by Judge Jeffrey V Brown) Parties notified.(GeorgeCardenas, 3) (Entered: 05/23/2023) |
| 07/13/2023 | 45 (p.444) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 42 (p.415) Memorandum and Order, 43 (p.431) Memorandum and Order, 44 (p.443) Order of Dismissal by Association of American Physicians and Surgeons Educational Foundation (Filing fee $ 505, receipt number ATXSDC-30204173), filed.(Schlafly, Andrew) (Entered: 07/13/2023) |
| 07/14/2023 | 46 (p.446) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 45 (p.444) Notice of Appeal,. Fee status: Paid. Reporter(s): ERO, filed. (DorinaReyna, 1) (Entered: 07/14/2023) |
| 07/14/2023 | | Appeal Review Notes re: 45 (p.444) Notice of Appeal,. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Number of DKT-13 Forms expected: 1, filed.(DorinaReyna, 1) (Entered: 07/14/2023) |
| 07/21/2023 | | Notice of Assignment of USCA No. 23-40423 re: 45 (p.444) Notice of Appeal, filed.(MaricelaPerez, 1) (Entered: 07/21/2023) |
| 07/28/2023 | 47 (p.448) | Notice of Non-Compliance. The appellant (or counsel for the appellant, if represented) has failed to: Submit the DKT13 transcript order form. Parties notified, filed. (JenniferLongoria, 1) (Entered: 07/28/2023) |
| 07/28/2023 | 48 (p.449) | DKT13 TRANSCRIPT ORDER REQUEST by Andrew L. Schlafly. No hearings This order form relates to the following: 45 (p.444) Notice of Appeal,, filed. (Schlafly, Andrew) (Entered: 07/28/2023) |
| 07/28/2023 | | (Court only) Set/Cleared Flags. APPEAL_NAT flag cleared. (JenniferLongoria, 1) (Entered: 07/28/2023) |
| 07/28/2023 | | (Court only) ***(PRIVATE ENTRY) EROA requested by the Fifth Circuit, due on 8/14/2023 (23-40423), filed. (JenniferLongoria, 1) (Entered: 07/28/2023) |

| | | |
|---|---|---|
| 08/01/2023 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: 45 (p.444) Notice of Appeal, USCA No. 23-40423, filed.(JenniferLongoria, 1) (Entered: 08/01/2023) |
| 08/01/2023 | | Electronic Access to Record on Appeal Provided re: 45 (p.444) Notice of Appeal, to Barry Andrew Moscowitz, Andrew Layton Schlafly, Daniel Bentele Hahs Tenny, Cassie J. Dallas, and Paul Lantieri, III. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 23-40423), filed.(JenniferLongoria, 1) (Entered: 08/01/2023) |
| 08/03/2023 | | Electronic Access to Record on Appeal Provided re: 45 (p.444) Notice of Appeal, to Simon Christopher Brewer. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 23-40423), filed.(JenniferLongoria, 1) (Entered: 08/03/2023) |
| 09/28/2023 | | Electronic Access to Record on Appeal Provided re: 45 (p.444) Notice of Appeal, to Leslie John. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 23-40423), filed.(JenniferLongoria, 1) (Entered: 09/28/2023) |
| 07/26/2024 | 49 (p.450) | Order of USCA - JUDGMENT; Judgment issued as mandate 7/26/2024 re: 45 (p.444) Notice of Appeal, ; USCA No. 23-40423. AFFIRMED, REVERSED, REMANDED. Case reopened on 7/26/2024, filed. (dlr1) (Entered: 07/26/2024) |
| 07/26/2024 | 50 (p.453) | Order of USCA - PER CURIAM re: 45 (p.444) Notice of Appeal, ; USCA No. 23-40423. AFFIRM, REVERSE, VACATE AND REMAND, filed. (dlr1) (Entered: 07/26/2024) |
| 07/29/2024 | 51 (p.479) | ORDER (Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 07/29/2024) |
| 08/06/2024 | 52 (p.480) | MOTION to Appear Pro Hac Vice for Jason Leckerman (Fee Paid: $100, receipt number ATXSDC-31997668) by American Board of Internal Medicine, filed. Motion Docket Date 8/27/2024. (Leckerman, Jason) (Entered: 08/06/2024) |
| 08/06/2024 | 53 (p.481) | MOTION to Appear Pro Hac Vice for Elizabeth Weissert (Fee Paid: $100, receipt number ATXSDC-31997738) by American Board of Internal Medicine, filed. Motion Docket Date 8/27/2024. (Weissert, Elizabeth) (Entered: 08/06/2024) |
| 08/06/2024 | 54 (p.482) | Unopposed MOTION for Leslie E. John to Withdraw as Attorney by American Board of Internal Medicine, filed. Motion Docket Date 8/27/2024. (Attachments: # 1 (p.15) Proposed Order) (Lantieri, Paul) (Entered: 08/06/2024) |
| 08/07/2024 | 55 (p.485) | ORDER granting 52 (p.480) Motion for Jason Leckerman to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 08/07/2024) |
| 08/07/2024 | 56 (p.486) | ORDER granting 53 (p.481) Motion for Elizabeth Weissert to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 08/07/2024) |
| 08/08/2024 | 57 (p.487) | NOTICE *of Joint Proposed Amended Docket-Control Order* re: 51 (p.479) Order by Association of American Physicians and Surgeons Educational Foundation, filed. (Attachments: # 1 (p.15) Proposed Order) (Schlafly, Andrew) (Entered: 08/08/2024) |

| 08/09/2024 | 58 (p.492) | NOTICE *of Agreement to Proposed Amended Docket-Control Order* re: 57 (p.487) Notice (Other) by American Board of Family Medicine, filed. (Dallas, Cassie) (Entered: 08/09/2024) |
|---|---|---|
| 08/13/2024 | 59 (p.496) | ORDER granting 54 (p.482) Motion to Withdraw as Attorney. Attorney Leslie E. John terminated.(Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 08/13/2024) |
| 08/13/2024 | 60 (p.497) | AMENDED DOCKET-CONTROL ORDER Amended Pleadings due by 10/22/2024. Joinder of Parties due by 10/22/2024 Pltf Expert Witness List due by 8/22/2025. Deft Expert Report due by 9/26/2025. Discovery due by 8/15/2025. Dispositive Motion Filing due by 10/24/2025. Non-Dispositive Motion Filing due by 12/19/2025. Joint Pretrial Order due by 2/13/2026. Docket Call set for 2/20/2026 at 09:30 AM in Sixth Floor Courtroom Galveston before Judge Jeffrey V Brown(Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 08/13/2024) |
| 10/21/2024 | 61 (p.499) | Opposed MOTION to Amend, MOTION for Joinder ( Motion Docket Date 11/12/2024.) by Association of American Physicians and Surgeons Educational Foundation, filed. (Attachments: # 1 (p.15) Exhibit A - Amended Complaint, # 2 (p.45) Exhibit B - Redlined comparison highlighting changes in complaint, # 3 (p.57) Proposed Order) (Schlafly, Andrew) (Entered: 10/21/2024) |
| 11/12/2024 | 62 (p.658) | RESPONSE in Opposition to 61 (p.499) Opposed MOTION to Amend MOTION for Joinder, filed by Alejandro Mayorkas. (Clendenen, Michael) (Entered: 11/12/2024) |
| 11/19/2024 | 63 (p.666) | REPLY in Support of 61 (p.499) Opposed MOTION to Amend MOTION for Joinder, filed by Association of American Physicians and Surgeons Educational Foundation. (Schlafly, Andrew) (Entered: 11/19/2024) |
| 01/13/2025 | 64 (p.677) | NOTICE *of Vacation - Barry Moscowitz* by American Board of Family Medicine, filed. (Moscowitz, Barry) (Entered: 01/13/2025) |
| 01/27/2025 | 65 (p.678) | ORDER granting 61 (p.499) Motion to Amend; granting 61 (p.499) Motion for Joinder.(Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 01/27/2025) |
| 01/29/2025 | 66 (p.679) | AMENDED COMPLAINT against American Board of Family Medicine, American Board of Internal Medicine, American Board of Obstetrics & Gynecology, Kristi Noem filed by Association of American Physicians and Surgeons Educational Foundation. (Attachments: # 1 (p.15) Certificate of Service) (Schlafly, Andrew) (Entered: 01/29/2025) |
| 01/30/2025 | 67 (p.740) | Unopposed MOTION for Extension of Time to Respond to Amended Complaint by Kristi Noem, filed. Motion Docket Date 2/20/2025. (Attachments: # 1 (p.15) Proposed Order) (Clendenen, Michael) (Entered: 01/30/2025) |
| 01/31/2025 | 68 (p.745) | ORDER granting 67 (p.740) Motion for Extension of Time Responses due by 3/27/2025..(Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 01/31/2025) |
| 02/03/2025 | 69 (p.746) | Unopposed MOTION for Extension of Time to Respond to Amended Complaint by American Board of Internal Medicine, American Board of Family Medicine, American Board of Obstetrics & Gynecology, American Board of Family Medicine, filed. Motion Docket Date 2/24/2025. (Attachments: # 1 (p.15) Proposed Order) (Lantieri, Paul) (Entered: |

| | | |
|---|---|---|
| | | 02/03/2025) |
| 02/04/2025 | 70 (p.751) | ORDER granting 69 (p.746) Motion for Extension of Time Responses due by 3/14/2025..(Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 02/04/2025) |
| 03/14/2025 | 71 (p.752) | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by American Board of Internal Medicine, filed. Motion Docket Date 4/4/2025. (Attachments: # 1 (p.15) Exhibit 1, # 2 (p.45) Exhibit 2) (Lantieri, Paul) (Entered: 03/14/2025) |
| 03/14/2025 | 72 (p.800) | MOTION to Dismiss *for Lack of Personal Jurisdiction* by American Board of Family Medicine, filed. Motion Docket Date 4/4/2025. (Attachments: # 1 (p.15) Exhibit A, # 2 (p.45) Exhibit A-1, # 3 (p.57) Proposed Order) (Dallas, Cassie) (Entered: 03/14/2025) |
| 03/14/2025 | 73 (p.844) | MOTION to Dismiss *Under 12(B)(1) and 12(B)(6)* by American Board of Family Medicine, filed. Motion Docket Date 4/4/2025. (Attachments: # 1 (p.15) Proposed Order) (Dallas, Cassie) (Entered: 03/14/2025) |
| 03/14/2025 | 74 (p.887) | MOTION to Dismiss by American Board of Obstetrics & Gynecology, filed. Motion Docket Date 4/4/2025. (Parrish, Ashley) (Entered: 03/14/2025) |
| 03/27/2025 | 75 (p.923) | MOTION to Dismiss 66 (p.679) Amended Complaint/Counterclaim/Crossclaim etc., by Kristi Noem, filed. Motion Docket Date 4/17/2025. (Clendenen, Michael) (Entered: 03/27/2025) |
| 04/04/2025 | 76 (p.950) | RESPONSE in Opposition to 71 (p.752) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Association of American Physicians and Surgeons Educational Foundation, Pierre Kory, M.D., M.P.A., Paul E Marik, M.D., FCCM, FCCP. (Attachments: # 1 (p.15) Proposed Order) (Schlafly, Andrew) (Entered: 04/04/2025) |
| 04/04/2025 | 77 (p.987) | RESPONSE in Opposition to 74 (p.887) MOTION to Dismiss , filed by Association of American Physicians and Surgeons Educational Foundation. (Attachments: # 1 (p.15) Proposed Order) (Schlafly, Andrew) (Entered: 04/04/2025) |
| 04/04/2025 | 78 (p.1020) | RESPONSE in Opposition to 72 (p.800) MOTION to Dismiss *for Lack of Personal Jurisdiction*, 73 (p.844) MOTION to Dismiss *Under 12(B)(1) and 12(B)(6)*, filed by Association of American Physicians and Surgeons Educational Foundation, Karl N. Hanson, M.D.. (Attachments: # 1 (p.15) Proposed Order) (Schlafly, Andrew) (Entered: 04/04/2025) |
| 04/11/2025 | 79 (p.1033) | REPLY in Support of 74 (p.887) MOTION to Dismiss , filed by American Board of Obstetrics & Gynecology. (Parrish, Ashley) (Entered: 04/11/2025) |
| 04/11/2025 | 80 (p.1052) | MOTION to Stay *Discovery* ( Motion Docket Date 5/2/2025.), MOTION for Protective Order by Kristi Noem, filed. (Attachments: # 1 (p.15) Exhibit A - Discovery Request, # 2 (p.45) Proposed Order) (Clendenen, Michael) (Entered: 04/11/2025) |
| 04/11/2025 | 81 (p.1072) | REPLY in Support of 72 (p.800) MOTION to Dismiss *for Lack of Personal Jurisdiction*, filed by American Board of Family Medicine. (Dallas, Cassie) (Entered: 04/11/2025) |
| 04/11/2025 | 82 (p.1083) | REPLY in Support of 71 (p.752) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by American Board of Internal Medicine. (Lantieri, Paul) (Entered: 04/11/2025) |

| | | |
|---|---|---|
| 04/11/2025 | 83 (p.1103) | REPLY in Support of 73 (p.844) MOTION to Dismiss *Under 12(B)(1) and 12(B)(6)*, filed by American Board of Family Medicine. (Dallas, Cassie) (Entered: 04/11/2025) |
| 04/17/2025 | 84 (p.1122) | RESPONSE in Opposition to 75 (p.923) MOTION to Dismiss 66 (p.679) Amended Complaint/Counterclaim/Crossclaim etc., , filed by Association of American Physicians and Surgeons Educational Foundation, Karl N. Hanson, M.D., Pierre Kory, M.D., M.P.A., Paul E Marik, M.D., FCCM, FCCP. (Attachments: # 1 (p.15) Proposed Order) (Schlafly, Andrew) (Entered: 04/17/2025) |
| 04/24/2025 | 85 (p.1149) | REPLY in Support of 75 (p.923) MOTION to Dismiss 66 (p.679) Amended Complaint/Counterclaim/Crossclaim etc., , filed by Kristi Noem. (Clendenen, Michael) (Entered: 04/24/2025) |
| 04/25/2025 | 86 (p.1161) | NOTICE of Change of Address by McGinnis Lochridge, counsel for American Board of Obstetrics & Gynecology, filed. (Parrish, Ashley) (Entered: 04/25/2025) |
| 05/02/2025 | 87 (p.1163) | RESPONSE in Opposition to 80 (p.1052) MOTION to Stay *Discovery* MOTION for Protective Order, filed by Association of American Physicians and Surgeons Educational Foundation, Karl N. Hanson, M.D., Pierre Kory, M.D., M.P.A., Paul E Marik, M.D., FCCM, FCCP. (Attachments: # 1 (p.15) Proposed Order) (Schlafly, Andrew) (Entered: 05/02/2025) |
| 05/09/2025 | 88 (p.1174) | REPLY in Support of 80 (p.1052) MOTION to Stay *Discovery* MOTION for Protective Order, filed by Kristi Noem. (Clendenen, Michael) (Entered: 05/09/2025) |
| 05/16/2025 | 89 (p.1180) | MOTION to Appear Pro Hac Vice for Indraneel Sur (Fee Exempt) by Kristi Noem, filed. Motion Docket Date 6/6/2025. (Sur, Indraneel) (Entered: 05/16/2025) |
| 05/19/2025 | 90 (p.1181) | ORDER granting 89 (p.1180) Motion for Indraneel Sur to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Jeffrey V Brown) Parties notified. (GeorgeCardenas, 3) (Entered: 05/19/2025) |
| 05/19/2025 | 91 (p.1182) | NOTICE of attorney substitution by Kristi Noem. Attorney Michael P Clendenen terminated, filed. (Sur, Indraneel) (Entered: 05/19/2025) |
| 06/03/2025 | 92 (p.1184) | ORDER granting 80 (p.1052) Motion to Stay; granting 80 (p.1052) Motion for Protective Order.(Signed by Judge Jeffrey V Brown) Parties notified. (gc3) (Entered: 06/03/2025) |
| 06/04/2025 | 93 (p.1185) | NOTICE of Referral of Motion to Magistrate Judge Andrew M. Edison re: 72 (p.800) MOTION to Dismiss *for Lack of Personal Jurisdiction*. Designated staff for referral judge notified by NEF. Parties notified, filed. (gc3) (Entered: 06/04/2025) |
| 07/11/2025 | 94 (p.1186) | MEMORANDUM AND RECOMMENDATIONS re 72 (p.800) MOTION to Dismiss *for Lack of Personal Jurisdiction* Objections to M&R due by 7/25/2025 (Signed by Magistrate Judge Andrew M Edison) Parties notified. (vp3) (Entered: 07/11/2025) |
| 07/18/2025 | 95 (p.1193) | Agreed MOTION to Modify Amended Docket Control Order as to 60 (p.497) Scheduling Order,, by American Board of Obstetrics & Gynecology, filed. Motion Docket Date 8/8/2025. (Attachments: # 1 (p.15) Proposed Order Agreed Order to Reset Deadlines) (Parrish, Ashley) (Entered: 07/18/2025) |
| 07/21/2025 | 96 (p.1201) | ORDER granting 95 (p.1193) Motion to Modify.(Signed by Judge Jeffrey V Brown) Parties notified. (gc3) (Entered: 07/21/2025) |

| | | |
|---|---|---|
| 07/21/2025 | | ***Set/Reset Scheduling Order and Trial Settings: Pltf Expert Report due by 9/30/2025. Deft Expert Report due by 10/30/2025. Discovery due by 11/24/2025. Dispositive Motion Filing due by 1/20/2026. Non-Dispositive Motion Filing due by 2/9/2026. Joint Pretrial Order due by 3/13/2026. Docket Call set for 3/20/2026 at 09:30 AM in Sixth Floor Courtroom Galveston before Judge Jeffrey V Brown (gc3) (Entered: 07/21/2025) |
| 07/29/2025 | 97 (p.1203) | ORDER ADOPTING MAGISTRATE JUDGES MEMORANDUM AND RECOMMENDATIONS re: 72 (p.800) MOTION to Dismiss *for Lack of Personal Jurisdiction*, 94 (p.1186) Memorandum and Recommendations (Signed by Judge Jeffrey V Brown) Parties notified. (gc3) (Entered: 07/29/2025) |
| 07/30/2025 | 98 (p.1205) | MEMORANDUM OPINION AND ORDER granted in part and denied in part 74 (p.887) MOTION to Dismiss, granted 75 (p.923) MOTION to Dismiss 66 (p.679) Amended Complaint/Counterclaim/Crossclaim etc., Moot 73 (p.844) MOTION to Dismiss Under 12(B)(1) and 12(B)(6), denied as moot 71 (p.752) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Signed by Judge Jeffrey V Brown) Parties notified. (gc3) Modified on 7/30/2025 (gc3). (Entered: 07/30/2025) |
| 07/30/2025 | 99 (p.1221) | PARTIAL FINAL JUDGMENT AS TO THE AMERICAN BOARD OF OBSTETRICS & GYNECOLOGY. (Signed by Judge Jeffrey V Brown) Parties notified. (gc3) (Entered: 07/30/2025) |
| 07/30/2025 | | (Court only) *** Party American Board of Obstetrics & Gynecology (ABOG) terminated. (gc3) (Entered: 07/30/2025) |
| 07/31/2025 | 100 (p.1223) | AMENDED MEMORANDUM OPINION AND ORDER171 is granted, 74 is granted in part/denied in part, and 75 is granted. 73 is moot. (Signed by Judge Jeffrey V Brown) Parties notified. (gc3) (Entered: 07/31/2025) |
| 07/31/2025 | 101 (p.1239) | AMENDED FINAL JUDGMENT. Case terminated on 7/31/2025 (Signed by Judge Jeffrey V Brown) Parties notified. (gc3) (Entered: 07/31/2025) |
| 09/26/2025 | 102 (p.1241) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 100 (p.1223) Memorandum and Opinion, 101 (p.1239) Order of Dismissal, 92 (p.1184) Order on Motion to Stay, Order on Motion for Protective Order by Association of American Physicians and Surgeons Educational Foundation, Pierre Kory, M.D., M.P.A., Paul E Marik, M.D., FCCM, FCCP (Filing fee $ 605, receipt number ATXSDC-34206149), filed. (Schlafly, Andrew) (Entered: 09/26/2025) |
| 09/29/2025 | 103 (p.1243) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 102 (p.1241) Notice of Appeal. Fee status: Paid. Reporter(s): ERO, filed. (Attachments: # 1 (p.15) Notice of Appeal) (mp1) (Entered: 09/29/2025) |
| 09/29/2025 | | Appeal Review Notes re: 102 (p.1241) Notice of Appeal,. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Number of DKT-13 Forms expected: 1, filed. (mp1) (Entered: 09/29/2025) |
| 10/07/2025 | | Notice of Assignment of USCA No. 25-40624 re: 102 (p.1241) Notice of Appeal,, filed. (jrl1) (Entered: 10/07/2025) |
| 10/07/2025 | 104 (p.1247) | DKT13 TRANSCRIPT ORDER REQUEST by Andrew L. Schlafly. No hearings This order form relates to the following: 102 (p.1241) Notice of Appeal,, filed. |

| | | |
|---|---|---|
| | | (Schlafly, Andrew) (Entered: 10/07/2025) |
| 10/08/2025 | | (Court only) Set/Cleared Flags. APPEAL_NAT flag cleared. (jrl1) (Entered: 10/08/2025) |

**TAB 2**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS EDUCATIONAL FOUNDATION, PIERRE KORY, M.D., PAUL MARIK, M.D., and KARL N. HANSON, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN BOARD OF INTERNAL MEDICINE, AMERICAN BOARD OF OBSTETRICS & GYNECOLOGY, AMERICAN BOARD OF FAMILY MEDICINE, and KRISTI NOEM, in her official capacity as the Secretary of the U.S. Department of Homeland Security, <br><br> Defendants. | Case No. 3:22-cv-240 |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiffs Association of American Physicians and Surgeons Educational Foundation, Pierre Kory, M.D., and Paul Marik, M.D., pursuant to 28 U.S.C. § 1291, appeal to the United States Court of Appeals for the Fifth Circuit from the Amended Final Judgment of the United States District Court for the Southern District of Texas, entered on July 31, 2025 [Dkt. 101] and, as referenced therein, from its Amended Memorandum Opinion and Order also entered on July 31, 2025 [Dkt. 100]. These Plaintiffs further appeal the Order entered on June 3, 2025 [Dkt. 92] by the district court granting Defendant Secretary Kristi Noem's opposed motion to stay discovery.

Dated: September 26, 2025                     Respectfully submitted,

                                              /s/ Andrew L. Schlafly
                                              Andrew L. Schlafly
                                              Attorney-in-charge
                                              State of N.J. Bar ID 04066-2003
                                              SD Texas Bar ID NJ04066
                                              939 Old Chester Rd.
                                              Far Hills, NJ 07931
                                              Tel: 908-719-8608
                                              Fax: 908-934-9207
                                              Email: aschlafly@aol.com
                                              Counsel for Plaintiffs Association of American
                                              Physicians and Surgeons Educational
                                              Foundation, Pierre Kory, M.D., and Paul Marik,
                                              M.D.

## CERTIFICATE OF SERVICE

I hereby certify that on this day of September 26, 2025, I caused service of the foregoing document, through operation of the Court's CM/ECF system, on all counsel of record for all parties.

                                              /s/ Andrew L. Schlafly
                                              Andrew L. Schlafly

**TAB 3**

United States District Court
Southern District of Texas

**ENTERED**

July 31, 2025
Nathan Ochsner, Clerk

# In the United States District Court
# for the Southern District of Texas

GALVESTON DIVISION

No. 3:22-cv-240

ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS EDUCATIONAL
FOUNDATION, *ET AL.*, *PLAINTIFFS*,

v.

AMERICAN BOARD OF INTERNAL MEDICINE, *ET AL.*, *DEFENDANTS*.

## AMENDED MEMORANDUM OPINION AND ORDER[1]

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court are three motions to dismiss the plaintiffs' amended complaint. Dkts. 71, 74–75. The first is a Rule 12(b)(6) motion by the American Board of Internal Medicine ("ABIM"). Dkt. 71. The second is a 12(b)(1) and (b)(6) motion by the American Board of Obstetrics & Gynecology ("ABOG"). Dkt. 74. The third motion is Department of Homeland Security Secretary Kristi Noem's, brought under Rule 12(b)(1).

---

[1] The court withdraws Dkt. 98 and replaces it with this opinion and order.

Dkt. 75. The court grants ABIM's motion, Dkt. 71, grants ABOG's motion in part and denies it in part, Dkt. 74, and grants Noem's motion, Dkt. 75.

## I.  Background

Because the parties and the Fifth Circuit are familiar with the facts of this case, the court will recount them only as necessary to provide context to ruling on the defendants' post-remand motions to dismiss. The plaintiffs assert constitutional, tortious-interference, antitrust, and defamation claims. Dkt. 66 at 41–45; 49–56. Against Noem, the plaintiffs bring First Amendment and Administrative Procedure Act claims. *Id.* at 41–47.

## II.  Legal Standards

### A. Rule 12(b)(1)

A court should grant a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Here, "standing is challenged on the basis of the pleadings," so the court "accept[s] as true all material allegations of the complaint and construe[s] the complaint in favor of the complaining party." *Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (cleaned up).

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies" and do not have "the power 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotation omitted).

### B. Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Id.* In reviewing the pleadings, a court accepts all

well-pleaded facts as true, "construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corrs., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). But the court does not accept "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

## III.  Analysis

### A. Lack of Subject-Matter Jurisdiction

ABOG and Noem filed motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). The court will address each in turn.

#### 1. ABOG

As the only board-defendant still challenging the plaintiffs' standing, ABOG asserts the plaintiffs "do not plead an injury in fact to their own interests that is traceable and redressable." Dkt. 74 at 12. It elaborates that the "speculative" threat to revoke certain physicians' board certifications simply "*could* have the indirect effect of decreasing interest in AAPS events" and conferences. *Id.* at 14. But as the Fifth Circuit already made clear, "AAPS sufficiently alleges injury-in-fact, traceability, and redressability for its First Amendment claims against the [board-defendants], meaning it has standing to pursue those claims." *Ass'n of Am. Physicians & Surgeons Educ. Found.*

*v. Am. Bd. of Internal Med.*, 103 F.4th 383, 393 (5th Cir. 2024). ABOG's 12(b)(1) motion to dismiss is denied.

## 2. Secretary Noem

The Fifth Circuit affirmed this court's dismissal of claims against prior Homeland Security Secretary Alejandro Mayorkas but modified the dismissal to be "without prejudice" on remand. *Id.* at 395–96. The plaintiffs' amended complaint, now naming Secretary Noem, contends the injuries caused by Mayorkas at the time he created the Disinformation Governance Board continues to "cause ongoing and irreparable harm to [the plaintiffs], because Mayorkas's final agency actions [were] without compliance with FACA[2] [and] cannot be adequately remedied." Dkt. 66 ¶ 48. Noem argues the plaintiffs make the same claims against her as against Mayorkas and therefore those claims remain moot. Dkt. 75 at 14–15 (concluding from a redlined comparison of the original and amended complaint that the plaintiffs allege "no new forward-looking allegations or description of ongoing harm that would suggest a different outcome.").

---

[2] The Federal Advisory Committee Act ("FACA") provides transparency and balance standards for federal advisory committees. The plaintiffs specifically argue Mayorkas did not comply with its requirement that "legislation establishing, or authorizing the establishment of any advisory committee . . . require the membership of the advisory committee to be fairly balanced in terms of the points of view represented and the functions to be performed by the advisory committee." 5 U.S.C. § 1004(b)(2).

The court agrees with Noem—the plaintiffs' amended complaint simply rehashes claims they made against the Department during the Biden Administration and alleges in a conclusory fashion that the Homeland Security Advisory Council's current political imbalance is an ongoing injury. Dkt. 66 ¶¶ 79–107, 169–184; *Ass'n of Am. Physicians & Surgeons Educ. Found.*, 103 F.4th at 395–96 (affirming that voluntary-cessation exception is not overcome). The court once again finds that AAPS's claims against the Department are moot and grants Noem's motion to dismiss without prejudice. Dkt. 75.

## B. Failure to State a Claim

ABIM and ABOG filed a motion to dismiss under Rule 12(b)(6), arguing the plaintiffs' constitutional, tortious-interference, antitrust, and defamation claims are not sufficiently pleaded. The court addresses each claim in turn.

### 1. Constitutional Claims

#### a. First Amendment

The plaintiffs assert the board-defendants engaged in viewpoint discrimination by threatening to revoke certain physicians' board certifications for speaking critically about Covid lockdowns, mask mandates, the Covid vaccine, and abortion. Dkt. 66 ¶¶ 56, 147–168. ABIM and ABOG

argue the plaintiffs' First Amendment claim must be dismissed because their conduct is not state action. Dkt. 71 at 16–20; Dkt. 74 at 15–20. The plaintiffs counter that "board certification . . . is a public function" because it "is tantamount to state medical licensure." Dkt. 77 at 20. They also emphasize the importance board certification holds when it comes to practicing medicine. Dkt. 66 ¶¶ 76–77 (observing that most hospitals and insurance networks require board certification); *see also id.* ¶ 72 (stating the Texas Legislature has "pointed to board certification as an essential consideration in weighing the qualifications to testify as an expert"). The court finds that the plaintiffs have not sufficiently pleaded state action against ABIM and ABOG.

There is "a line between state action subject to [constitutional] scrutiny and private conduct (however exceptionable) that is not." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). The state-action requirement ensures that "constitutional standards are invoked 'when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.'" *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (alteration in original)). The Fifth Circuit recognizes three tests for determining when a state is responsible for a private entity's conduct: (1) the public-function test, whereby a private entity "may be deemed a state

actor when [it] performs a function which is traditionally the exclusive province of the state"; (2) the coercion test, which provides that a state is "responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State"; and (3) the joint-action test, which holds state action exists when "the government has so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241–42 (5th Cir. 1999) (second alteration in original) (internal quotation marks omitted).

The plaintiffs have not sufficiently pleaded that ABIM and ABOG are state actors under these tests. Instead, the plaintiffs devote the bulk of their argument to stressing the importance of board certification in practicing medicine. Dkt. 66 ¶¶ 76–78. This is not enough to plausibly plead that ABIM and ABOG *are* state actors. Although many states undoubtedly attribute great significance to board certification,[3] that significance "does not alone

---

[3] Such significance is demonstrated through the Interstate Medical Licensure Compact, under which forty states have agreed to expedite the medical-licensure process for physicians who obtain board-certification. *See* Dkt. 66 ¶¶ 60–61; FAQS, INTERSTATE MED. LICENSURE COMPACT, https://imlcc.com/faqs/ (last visited July 31, 2025).

render [the board-defendants'] decisions state action." *Bailey v. McCann*,
550 F.2d 1016, 1019 (5th Cir. 1977) (holding private-entity licensure being a
"prerequisite for a valid Florida license" does not convert the private entity
into a state actor). And no matter how many doors board certification opens
for physicians, such as through greater hospital-staffing access or expanded
insurance-network compatibility, ABIM and ABOG still have "no power to
issue the licenses which permit one to practice medicine in the State." *Id.* A
state's adoption of a private board's standards "as part of a State regulatory
scheme" is therefore "no more state action by that organization than is the
adoption of State regulations by a wholly private organization." *Id.*; *see also
Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 250 (7th
Cir. 1994), *as amended on denial of reh'g* (Jan. 11, 1995) (holding board
certification being a prerequisite for certain public positions "does not
convert the Board into a state actor" and "public beliefs that [a board's]
certification processes] *are* reliable . . . do not bestow governmental power
on the Board"); *see also Am. Bd. of Internal Med. v. Von Muller*, No. 10-CV-
2680, 2011 WL 857337, at *3–5 (E.D. Pa. Mar. 10, 2011), *aff'd* (Sept. 12,
2013) (acknowledging the importance of board certification but ultimately
dismissing constitutional claim because ABIM is not a state actor).

Because the plaintiffs do not sufficiently plead the state delegated, coerced, or acted interdependently with ABIM and ABOG, their First Amendment claims are dismissed.

### b. Due Process

The individual physician-plaintiffs bring Fourteenth Amendment due-process claims against ABIM for revoking their certifications. Drs. Pierre Kory and Paul Marik claim ABIM's "one-day, combined hearing . . . while the outcome was predetermined" "does not comport with due process principles." Dkt. 66 ¶¶ 227–230. This claim is dismissed because ABIM is not a state actor. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) ("[T]he Fourteenth Amendment offers no shield" against "private conduct, however discriminatory or wrongful" (internal quotation marks omitted)).

### 2. Tortious Interference

The plaintiffs argue that ABIM and ABOG's threats to revoke board certification tortiously interfered with speakers' participation in AAPS's medical conferences, its ability to gain donations, and its overall participation in the medical-conference marketplace. Dkt. 66 ¶¶ 109, 185–189. The board-defendants rebut that the plaintiffs fail to supply any supporting facts that would allow a tortious-interference claim to survive a

motion to dismiss. Dkt. 71 at 32; Dkt. 74 at 20–22. The court agrees with the board-defendants.

Texas law recognizes two distinct tortious-interference causes of action: "[t]ortious interference with existing business relationships and tortious interference with prospective business relationships." *McGowan & Co., Inc. v. Bogan*, 93 F. Supp. 3d 624, 654 (S.D. Tex. 2015) (internal quotation marks omitted). Because the plaintiffs do not specify which tortious-interference cause of action they plead, the court will address both.

The plaintiffs have not stated a claim for tortious interference with an existing business relationship. The elements are "(1) unlawful actions undertaken without justification or excuse; (2) with intent to harm; (3) actual damages; and (4) the actions were motivated by malice." *Id.* at 655 (quoting *Apani Sw., Inc. v. Coca-Cola Enters., Inc.*, 300 F.3d 620, 634 (5th Cir. 2002)). To the extent the plaintiffs plead this claim, they do not allege with any specificity or supporting facts what "unlawful actions" ABIM and ABOG undertook "without justification." *Apani Sw., Inc.*, 300 F.3d at 634. Although the boards' actions and threats may have been flagrant or unwarranted, it is unclear how those actions were *unlawful. See Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001) (plaintiff must prove

"defendant's conduct would be actionable under a recognized tort"). The court therefore has no option but to dismiss this claim.

The court reaches the same result on the plaintiffs' claim for tortious interference with a prospective business relationship. To plead this cause of action, the plaintiffs must show:

> (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result.

*Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). The first element of "reasonable probability" is "sufficiently alleged when the plaintiff can describe the specifics of a proposed agreement that never came to fruition." *Corrosion Prevention Techs. LLC v. Hatle*, No. 4:20-CV-2201, 2020 WL 6202690, at *4 (S.D. Tex. Oct. 22, 2020). But because the amended complaint contains no such description, the court also dismisses this claim.

### 3. Sherman Act

The plaintiffs next contend ABIM and ABOG violated §§ 1 and 2 of the Sherman Act by "collud[ing] and conspir[ing] with [the other boards] in

adopting similar approaches for retaliation against physicians based on their public statements" and "invidiously abus[ing] their examination-based monopoly in order to interfere with physicians' freedom of speech." Dkt. 66 ¶¶ 197–226. The board-defendants argue the plaintiffs have not sufficiently pleaded a cognizable antitrust injury or antitrust standing. Dkt. 71 at 21–30; Dkt. 74 at 22–28.

The court again "begins and ends with antitrust injury." Dkt. 42 (Memorandum Opinion and Order, May 16, 2023). An antitrust injury "must be established for the plaintiff to have standing under section 1 or section 2 of the Sherman Act." *Doctor's Hosp. of Jefferson, Inc. v. Se. Med. All., Inc.*, 123 F.3d 301, 305 (5th Cir. 1997). It is an "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990). In other words, an antitrust injury is "the type of loss that the claimed violations . . . would be likely to cause." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977) (omission in original) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 125 (1969)); *see, e.g.*, *Chi. Pro. Sports Ltd. P'ship v. Nat'l Basketball Ass'n*, 961 F.2d 667, 670 (7th Cir. 1992) (plaintiff must "show that its loss comes from acts that reduce output or raise prices to consumers"). Antitrust injuries are analyzed "from the

perspective of the consumer" in the marketplace, so they are typically injuries that decrease consumer choice or increase prices. *Ginzburg v. Mem'l Healthcare Sys., Inc.*, 993 F. Supp. 998, 1015–16 (S.D. Tex. 1997) (disciplinary action revoking physician-plaintiff's hospital-practice privileges was not antitrust injury because it did not "decrease consumer choice or quality of care[,] [n]or did it increase consumer prices").

The plaintiffs' alleged injury here is "[m]isuse of monopoly power to censor speech about matters of public policy" through threats to revoke board certification. Dkt. 66 ¶ 221 (citing no authority in support). But this is not a recognized antitrust injury because it does not decrease consumer choice on where to seek medical treatment or physician choice on where to speak publicly about controversial public health topics.[4] *Ginzburg*, 993 F. Supp. at 1015; *Doctor's Hosp. of Jefferson, Inc.*, 123 F.3d at 306 (observing

---

[4] The court acknowledges but does not adopt the novel view that censoring or suppressing speech is an antitrust injury. *See* Gregory Day, *Monopolizing Free Speech*, 88 FORDHAM L. REV. 1315, 1333, 1334 (2020) (conceding that because "ideas tend to have marginal costs of zero," "ideas and viewpoints are inherently noncommercial and thus excluded from antitrust's scope," but nonetheless advocating for the modernization of antitrust law "to account for the emerging value of commercial [but not political] information and speech in today's markets"); *see also* Hillary Greene & Dennis A. Yao, *Antitrust as Speech Control*, 60 WM. & MARY L. REV. 1215, 1222, 1241, 1266 (2019) (exploring "the application of antitrust law to settings with mixed economic and political interests" and concluding current antitrust law "arguably fails to give adequate attention to speech values").

that the "purposes of antitrust law" are "to increase consumer choice, lower prices and assist competition, not competitors"); *see also Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv's Servs. Inc.*, 175 F.3d 848, 860 (10th Cir. 1999) ("In our view, the First Amendment does not allow antitrust claims to be predicated solely on protected speech.").

Because physicians without board certification can still legally practice medicine and voice their medical opinions, Tex. Occ. Code § 155.002, the plaintiffs have not sufficiently pleaded an antitrust injury or established antitrust standing. Their Sherman Act claims are accordingly dismissed.

### 4. Defamation

Drs. Kory and Marik also assert ABIM defamed them by posting their board-certification revocation on the ABIM website and sharing that information with certain news publications. Dkt. 66 ¶¶ 234–39. But as ABIM correctly points out, the plaintiffs' amended complaint neglects to provide in a non-conclusory fashion the "specific allegedly false and defamatory statements" ABIM said or wrote.[5] Dkt. 71 at 33; *Hendershott v. Ostuw*, No. 9:20-CV-80006, 2020 WL 13111216, at *4 (S.D. Fla. Oct. 14, 2020), *aff'd*, No.

---

[5] The court applies the defamation laws of Florida and Virginia under Texas' choice-of-law rules because Drs. Kory and Marik are domiciled in those states. Dkt. 66 ¶¶ 13, 15. *Levine v. CMP Publ'ns, Inc.*, 738 F.2d 660, 667 (5th Cir. 1984) (quoting Restatement (Second) of Conflicts, § 150(2) (1971) (updated 2024)).

20-13991, 2022 WL 2904080 (11th Cir. July 22, 2022); *McGuire v. IBM Corp.*, No. 1:11CV528 LMB/TCB, 2011 WL 4007682, at *5 (E.D. Va. Sept. 8, 2011) ("McGuire neither quotes nor even paraphrases these alleged defamatory statements."). The court therefore dismisses Drs. Kory and Marik's defamation claims.

*   *   *

For the foregoing reasons, the court dismisses with prejudice the plaintiffs' claims against ABIM and ABOG. Dkts. 71, 74. The court also grants Noem's motion to dismiss without prejudice under Rule 12(b)(1). Dkt. 75. The court will enter a final judgment separately.

Signed on Galveston Island this 31st day of July, 2025.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

**TAB 4**

United States District Court
Southern District of Texas
**ENTERED**
July 31, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS EDUCATIONAL FOUNDATION, *et al.*, | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | 3:22-cv-240 |
| AMERICAN BOARD OF INTERNAL MEDICINE, *et al.*, | § § § | |
| Defendants. | | |

## AMENDED FINAL JUDGMENT

The court withdraws its judgment of July 30, 2025, Dkt. 99, and replaces it with this final judgment.

Pursuant to its adoption of the magistrate judge's memorandum and recommendation, Dkt. 97, the court dismisses the plaintiffs' claims against the American Board of Family Medicine without prejudice for lack of personal jurisdiction.

Pursuant to its memorandum opinion, Dkt. 100, the court dismisses the plaintiffs' claims against Department of Homeland Security Secretary Kristi Noem without prejudice.

Also pursuant to its memorandum opinion, Dkt. 100, granting the American Board of Internal Medicine's motion to dismiss and granting in part and denying in part the American Board of Obstetrics & Gynecology's motion to dismiss, the court dismisses the plaintiffs' claims against these defendants with prejudice.

**THIS IS A FINAL JUDGMENT.**

All pending motions are denied as moot.

The clerk will provide copies of this judgment to the parties.

Each party shall bear its own attorney's fees and costs.

Signed on Galveston Island this 31st day of July, 2025.

_____

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

**TAB 5**

United States District Court
Southern District of Texas
**ENTERED**
June 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ASSOCIATION OF AMERICAN | § | |
| PHYSICIANS AND SURGEONS | § | |
| EDUCATIONAL FOUNDATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:22-cv-240 |
| | § | |
| AMERICAN BOARD OF INTERNAL | § | |
| MEDICINE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the court is defendant Secretary Kristi Noem's opposed motion to stay discovery pending resolution of the various motions to dismiss. Dkt. 80. The motion is granted.

Signed on Galveston Island this 3rd day of June, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

1/1

**Certificate of Service**


I certify that on December 2, 2025, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon all counsel of record.

<u>S/Andrew Layton Schlafly</u>

Andrew Layton Schlafly
