# Ballard Spahr
LLP

––––––––––––––––––––
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Jason A. Leckerman
Tel: 215.864.8266
Fax: 215.864.8999
leckermanj@ballardspahr.com

April 21, 2026

*Via CM/ECF*

Chief Judge Jennifer Walker Elrod and Judges
James C. Ho and Irma Carrillo Ramirez
United States Court of Appeals
Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   <u>AAPSEF, et al. v. ABIM et al., No. 25-40624 (5th Cir.)</u>

Dear Chief Judge Elrod and Judges Ho and Ramirez:

We represent appellee American Board of Internal Medicine ("ABIM") in the above-captioned appeal. We write in response to the Rule 28(j) letter submitted by Plaintiffs-Appellants ("Plaintiffs") regarding *Chiles v. Salazar*, 146 S. Ct. 1010 (2006).

*Chiles* has no bearing on this appeal for the reasons Plaintiffs acknowledge in their letter: state action "was indisputable" in that case because it involved a challenge to "a Colorado law that censored speech based on viewpoint." Dkt. 76 at 2. The question presented in this appeal is *not* whether, under the First Amendment, laws or regulations that discriminate based on viewpoint are subject to the highest level of scrutiny. Rather, at least so far as ABIM is concerned, it is whether ABIM's conduct, as a private certifying organization, is subject to the First Amendment at all. Only if ABIM's conduct constitutes state action does the question whether it is engaging in viewpoint discrimination arise.

Plaintiffs' effort to reverse that order is contrary to the precedents of this Court and the U.S. Supreme Court. *See* ABIM's Br. at 17-19, 24-25, Dkt. 38 (citing multiple cases, including *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802 (2019), and *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545 (5th Cir. 2005), for the proposition that only where private conduct constitutes state action under the applicable tests is it subject to First Amendment constraints). Plaintiffs'

Chief Judge Jennifer Walker Elrod and
Judges James C. Ho and Irma Carrillo Ramirez
April 21, 2026
Page 2

invocation of *Sims v. Jefferson Downs Racing Association*, 778 F.2d 1068 (5th Cir. 1985) (cited in Dkt. 76 at 2) is unavailing for the same reason: the private actor in that case could be liable for retaliating based on speech only because it engaged in joint action with a state actor, making its conduct state action under this Court's tests.

Because the conduct by ABIM at issue in this case does not constitute state action, ABIM is not subject to a claim under the First Amendment.

Respectfully submitted,


*/s/Jason A. Leckerman*
Jason A. Leckerman


cc:     All Counsel of Record (via CM/ECF)


Word Count: 312